CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 19, 2025

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ANTONIO MAURICE PAYNE,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:25-cv-00708** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **J. CAUSEY, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

Antonio Maurice Payne, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against J. Causey and the Western Virginia Regional Jail. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.      Background

Payne is currently incarcerated at the Western Virginia Regional Jail in Salem, Virginia, where Causey works as a correctional officer. Compl., ECF No. 1, at 1–2. Payne alleges that he has been charged in a "high profile" criminal case and that he appeared in court on July 17, 2025, for allegedly violating a protective order. Id. at 4. He alleges that Causey testified at the hearing and that Causey "recklessly gave false statements under oath which assassinated [his] character." Id. He seeks to recover monetary damages in the amount of $100,000,000.00 and requests that criminal charges be brought against Causey. Id. at 5.

### II.      Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court

must dismiss a complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint filed without the assistance of counsel "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III.    Discussion

Payne seeks relief under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Payne's complaint is subject to dismissal for several reasons. First, witnesses are absolutely immune from civil liability for testimony given in a judicial proceeding. Brice v. Nkaru, 220 F.3d 233, 239 n.6 (4th Cir. 2000) (citing Briscoe v. LaHue, 460 U.S. 325, 335 (1983)). This is true "even

if the witness knew the statements were false." <u>Burns v. Reed</u>, 500 U.S. 478, 489 (1991) (quoting

<u>Briscoe</u>, 460 U.S. at 332). Thus, Payne has no viable claim for damages against Causey based on

the testimony at the hearing.

Second, Payne has no "judicially cognizable interest in the prosecution or non-prosecution

of another." <u>Linda R. S. v. Richard D.</u>, 410 U.S. 614, 619 (1973). Consequently, even if Causey

committed perjury, Payne has no right to pursue criminal charges against him.

Third and finally, the Western Virginia Regional Jail is not a "person" subject to liability

under § 1983, and the Western Virginia Regional Jail Authority cannot be held vicariously liable

for the actions of correctional officers employed there. <u>See</u> <u>McCoy v. Chesapeake Corr. Ctr.</u>, 788

F. Supp. 890, 894 (E.D. Va. 1992) (concluding that a jail "is not a person under § 1983" and that

"it lacks the capacity to be sued"); <u>see also</u> <u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011)

(explaining that municipal entitles "are responsible only for their own illegal acts" and "are not

vicariously liable under § 1983 for their employees' actions").

## IV.    Conclusion

For the foregoing reasons, Payne's complaint is **DISMISSED** without prejudice under

28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An

appropriate order will be entered.

Entered: November 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.11.18
16:11:33 -05'00'

Michael F. Urbanski
Senior United States District Judge

3